IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| H. CHRISTINE HIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:06-cv-295-GPM |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment filed by Plaintiff on December 29, 2006 (Doc. 25). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that this matter be **REVERSED and REMANDED** to the Administrative Law Judge ("ALJ") to conduct a *de novo* hearing and issue a new decision, and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

H. Christine Higgins ("Plaintiff") filed the Complaint (Doc. 1) on April 13, 2006, seeking judicial review of Commissioner Michael J. Astrue's ("Defendant") final decision denying disability benefits and supplemental security income. Defendant filed an Answer (Doc. 11) on September 29, 2006.

On December 29, 2006, Plaintiff filed the instant motion, averring generally that the ALJ committed numerous errors of law in reaching his decision and that the decision is not supported by substantial evidence. It also avers that Defendant failed to produce a complete record of the evidence upon which the ALJ based his decision to deny benefits. Plaintiff points out that the

ALJ's January 14, 2005 decision relied heavily on two exhibits that are not included in the record submitted by Defendant. As such, Plaintiff seeks a reversal and a remand of the matter for a rehearing.

In a motion filed on February 27, 2007 (Doc. 36), Defendant stated that he does not object to the remand pursuant to sentence four of 42 U.S.C. § 405(g), adding that the matter should be reversed – with judgment for Plaintiff – and remanded to the ALJ for a *de novo* hearing and a new decision. Defendant did not, however, file an opposition or response to Plaintiff's motion for summary judgment.

### CONCLUSIONS OF LAW

The Social Security Act ("SSA") holds that "any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action[.]" 42 U.S.C. § 405(g). The SSA requires that the Commissioner "shall file a certified copy of the record including the evidence upon which the findings and decision complained of are based." Id. In the fourth sentence of the foregoing subsection, the SSA explains that the Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Id. A district court's remand pursuant to the foregoing provisions (known as a "sentence-four remand") constitutes a final decision on the merits of the case and terminates that court's jurisdiction over the matter. See Shalala v. Schaefer, 509 U.S. 292, 297 (1993) ("Immediate entry of judgment is in fact the principal feature [of a] sentence-four remand[.]"); see also Richmond v. Chater, 94 F.3d 263, 268 (7th Cir. 1996) ("When a sentence-four remand is entered the case is over in the district court[.]") (internal quotation marks omitted).

In the instant action, the parties have submitted the pleadings and the transcript, and both

now aver that the case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  Additionally, Defendant avers that judgment for Plaintiff should be entered at this time and that Plaintiff rates a *de novo* hearing and a new decision.  In light of Defendant's unequivocal assertion that the matter rates a rehearing and new decision, and because Defendant has not opposed Plaintiff's motion for summary judgment, this Court concludes that the ALJ's decision was not adequately supported by evidence in the record.  See Lopez ex. rel. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003) (holding that an ALJ's decision "cannot stand if it lacks evidentiary support").  Accordingly, this Court hereby **RECOMMENDS** that a judgment be entered for Plaintiff, that the Commissioner's final decision be **REVERSED** and that the matter be **REMANDED** to the ALJ for a *de novo* hearing to issue a new decision.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Doc. 25) be **GRANTED**, that  this matter be **REVERSED and REMANDED** to the ALJ to conduct a *de novo* hearing and issue a new decision pursuant to sentence four of 42 U.S.C. § 405(g), and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 22, 2007**

                                                s/ *Donald G. Wilkerson*
                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**